UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60029-CIV-COHN/SELTZER

LAVETTA EUBANKS-GLADES,

    Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

    Defendant.
_____/

### ORDER APPROVING REPORT AND RECOMMENDATION AND GRANTING SUMMARY JUDGMENT TO DEFENDANT

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 26] of Magistrate Judge Barry S. Seltzer, entered on November 6, 2013 ("Report"), Plaintiff's Motion for Summary Judgment [DE 19], and Defendant's Motion for Summary Judgment [DE 20] (collectively "Motions for Summary Judgment"). The Court has carefully reviewed the Report, the Motions for Summary Judgment, the responses thereto, Plaintiff's Objections to Magistrate Judge's Report and Recommendation [DE 27] ("Objections"),[1] the record in the case, and is otherwise fully advised in the premises.

Because Plaintiff filed timely objections, the Court has reviewed *de novo* the portions of the Report to which Plaintiff has objected. 28 U.S.C. § 636(b)(1); Loconte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988), cert. denied 488 U.S. 958 (1988). The Court agrees with the reasoning and analysis of the Magistrate Judge that the Plaintiff's Motion for Summary Judgment should be denied and the Defendant's Motion for

---

[1] Identical Objections also appear at DE 28.

Summary Judgment should be granted.

Plaintiff first objects to the Report's conclusion that it was harmless for the administrative law judge ("ALJ") not to consider the impact of the Plaintiff's obesity in the residual function capacity.  Objections at 2.  According to Plaintiff, Judge Seltzer erroneously held "that because the Plaintiff has no diagnosis of obesity, her weight must not have impacted her RFC and therefore not affected her ability to work."  Id.  Plaintiff contends that it was an error of law for the ALJ to consider Plaintiff's obesity in combination with other impairments.  Id. at 4.  The Court disagrees.  Plaintiff has failed to point to any record evidence which establishes that her obesity was severe or that it impacted her ability to work.  Accordingly, Judge Seltzer's finding that the ALJ did not err in failing to consider Plaintiff's obesity is not erroneous.  See James v. Barnhart, 177 F. App'x 875, 878 n. 2 (11th Cir. 2007) (finding no error where there was no medical evidence from which the ALJ could have concluded that claimant's obesity was a severe impairment); Wind v. Barnhart, 133 F. App'x 684, 690-91 (11th Cir. 2005) (ALJ did not err by not including obesity as a severe impairment at step two when the record contained no evidence that claimant's obesity affected her ability to perform medium work-related activities); Vickers v. Astrue, No. 3:08-CV-78, 2009 WL 722273, at *14 (N.D. Fla. Mar. 18, 2009) (remand for failure to mention obesity was not required where the claimant did not show how his obesity impacted his ability to work); Ingram v. Astrue, No. 8:07-CV-1591, 2008 WL 2943287, at *7 (M.D. Fla. July 30, 2008) (holding that ALJ's failure to address plaintiff's obesity did not warrant remand because "no physician suggested that Plaintiff's obesity imposed any additional work-related limitations and Plaintiff did not allege any limitation in function as a result of his obesity in his application for benefits or during the hearing").

Plaintiff also generally objects that the ALJ's decision is not supported by substantial evidence and that the ALJ failed to complete a proper function by function analysis.  Objections at 4.  Rather than pointing to specific findings in the Report that she disagrees with, however, Plaintiff instead relies on arguments "from Plaintiff's Motion for Summary Judgment." Id.  The Court need not–and will not–consider such conclusory, general objections. See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir.1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."); see also Leatherwood v. Anna's Linens Co., 384 F. A'ppx 853, 857 (11th Cir. 2010) (holding that only objections entitled to *de novo* review were "objections that identified specific findings set forth in the R & R and articulated a legal ground for objection"); Buffington v. Comm'r of Soc. Sec., No. 6:11-cv-1114-Orl-22GJK, 2012 WL 3715107, at *1 (M.D. Fla. Aug. 28, 2012) (holding that district court reviewing objections to report and recommendation  "need not address Plaintiff's conclusive objection of 'renew[ing] all of the arguments raised in Plaintiff's brief'").

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 26] is hereby **ADOPTED**;

2. Plaintiff's Objections to Magistrate Judge's Report and Recommendation [DE 27] are **OVERRULED**;

3. Plaintiff's Motion for Summary Judgment [DE 19] is **DENIED**;

4. Defendant's Motion for Summary Judgment [DE 20] is **GRANTED**;

5. The decision of the Commissioner in this case is **AFFIRMED**, and the Complaint

      [DE 1] in this case is **DISMISSED** on the merits; and

6.    The Court will enter a separate final judgment.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of November, 2013.

                                        JAMES I. COHN
                                        United States District Judge

Copies provided to counsel of record via CM/ECF.